```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NORTH DAKOTA
                       SOUTHEASTERN DIVISION

STEPHANIE SAUBY, individually     )
and on behalf of those            )
similarly situated,               )
                                  )
            Plaintiff,            )
                                  )    Civ. No. 3:07-cv-10
    v.                            )
                                  )
CITY OF FARGO,                    )
                                  )
            Defendant.            )
```

**MEMORANDUM OPINION AND ORDER**

The Defendant City of Fargo ("the City") has moved for judgment on the pleadings, arguing the Plaintiff Stephanie Sauby ("Sauby") has failed to raise any constitutional claims. It argues that Sauby's victory at the North Dakota Supreme Court in Sauby v. City of Fargo, 2008 ND 60, 747 N.W.2d 65, has secured her only prospective relief on a state-law question, not a violation of the United States Constitution under 42 U.S.C. § 1983. The Court holds Sauby has raised claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. However, the Court holds Sauby has failed to raise a claim under the Excessive Fines Clause of the Eighth Amendment.

**I.   Facts**

Prior to the North Dakota Supreme Court's holding in Sauby, the City imposed fines for traffic violations that exceeded those provided for under N.D. Cent. Code § 39-06.1-06. On three occasions between August 2001 and January 2007, three different

1

district courts for the East Central District of North Dakota ruled the City's fine structure was improper under North Dakota law. See generally City of Fargo v. Cose, No. 09-01-K-1578(N.D. Dist. Ct., E. Cent. Jud. Dist. August 30, 2001); Fargo City Appeal v. Kagan, No. 09-05-K-04624 (N.D. Dist. Ct., E. Cent. Jud. Dist. July 20, 2006); City of Fargo v. Garaas, No. 09-06-K-03185 (N.D. Dist. Ct., E. Cent. Jud. Dist. January 16, 2007). In spite of these judicial holdings, the City continued to impose the higher fine schedule, relying on two North Dakota Attorney General opinions. See generally N.D. Op. Atty. Gen. 82-62 (Aug. 19, 1982); N.D. Op. Atty. Gen. 2001-F-07 (Jul. 20, 2001).

Sauby sued the City in January 2007 on behalf of herself and others similarly situated, after the third North Dakota District Court opinion (doc. #1). Between February 2003 and January 2006, Sauby received five traffic citations under the City's higher fine schedule. Sauby claims imposition of those higher fines violated her constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Excessive Fines Clause of the Eighth Amendment.

This Court certified the following question to the North Dakota Supreme Court:

> May the City of Fargo, pursuant to its home rule charter, lawfully impose a fee for a violation, in the City of Fargo, of a Fargo ordinance regulating the operation or equipment of motor vehicles or regulating traffic that exceeds the limits for equivalent categories of violations set forth in N.D.C.C. § 39-06.1-06?

(Doc. #29). The North Dakota Supreme Court answered the question "no" holding "N.D.C.C. § 12.1-01-05 clearly and unambiguously precludes a home rule city from superseding criminal or noncriminal offenses defined by state law." Sauby, 2008 ND 60, ¶ 2, 747 N.W.2d at 66. The City has moved for judgment on the pleadings, arguing Sauby has raised state-law violations, not constitutional claims.

**II.   Discussion**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law." Dillard's Inc. v. Liberty Life Assurance Co. of Boston, 456 F.3d 894, 899 (8th Cir. 2006). The Court "accept[s] as true all facts pleaded by the nonmoving party, and [the Court grants] all reasonable inferences from the pleadings in favor of the nonmoving party." Id. The Court may consider the allegations asserted in the pleadings; materials necessarily embraced by the pleadings, such as exhibits attached to the pleadings; and any matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

    **A.   Due Process**

The Due Process Clause of the Fourteenth Amendment states, "No State shall . . . deprive any person of life, liberty, or

property, without due process of law[.]"  U.S. Const. amend. XIV, § 1.  Sauby makes an "as applied" substantive due process challenge to the City's fine schedule.  See WMX Techs., Inc. v. Gasconade County, 105 F.3d 1195, 1198 n.1 (8th Cir. 1997) (explaining the difference between a "facial" due process challenge and an "as applied" challenge).  In Chesterfield Development Corp. v. City of Chesterfield, the Eighth Circuit held that to successfully make a substantive due process claim concerning a city policy, the plaintiff must show a city's action was "truly irrational[.]"  963 F.2d 1102, 1105 (8th Cir. 1992).  In doing so, the court relied on the concurring opinion from Lemke v. Cass County, Nebraska, 846 F.2d 469, 470-71 (8th Cir.1987)(en banc)(per curiam)(Arnold, J., concurring), which warned that a difficult test must be used or any violation of state law was potentially a constitutional claim.  Chesterfield Dev., 963 F.2d at 1104.  "Truly irrational" governmental conduct is something more than arbitrary or capricious conduct or a violation of state law.  Creason v. City of Washington, 435 F.3d 820, 824 (8th Cir. 2006).  "Truly irrational" conduct has also been defined as conduct that is "'conscience shocking, in a constitutional sense.'"  Skokos v. Rhoades, 440 F.3d 957, 962 (8th Cir. 2006)(quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)).  An example of "truly irrational" action is "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet."  Chesterfield Dev., 963 F.2d at 1104.

The Fifth Circuit has held that charging a government fee higher than the fees authorized by state law violates substantive due process.  <u>Woodard v. Andrus</u>, 419 F.3d 348, 354 (5th Cir. 2005).  In <u>Woodard</u>, the clerk of a state district court charged a litigant fees exceeding the state-statutory fees.  <u>Id.</u> at 350. The plaintiff claimed this violated her due process rights, and the defendant countered that the fee violation was merely a violation of state law.  <u>Id.</u> at 352.  The Fifth Circuit applied its test for property violations of substantive due process: the state must have intentionally or recklessly deprived the plaintiff of her property interest.  <u>Id.</u> at 353-54.  The court held the plaintiff was deprived of her property right by a state agent acting under color of state law in violation of a state statute, and this violation sufficiently plead a violation of due process.  <u>Id.</u> at 354.

The City argues its conduct is a state violation that is not a constitutional violation because its conduct was not "truly irrational" (doc. #49).  It also argues <u>Woodard</u> is of no consequence because it applies a different test than the Eighth Circuit's test for substantive due process (doc. #56).  The City claims its actions cannot be truly irrational because it justifiably relied on two North Dakota Attorney General opinions. <u>See generally</u> N.D. Op. Atty. Gen. 82-62 (Aug. 19, 1982); N.D. Op. Atty. Gen. 2001-F-07 (Jul. 20, 2001).

However, in its primary argument the City makes no mention that three different courts in the East Central District Court

held the City's fine schedule was unlawful.  The Attorney General opinions are no longer sufficiently reliable when a court holds otherwise.  See Fargo Women's Health Org. v. Schafer, 18 F.3d 526, 530 (8th Cir. 1994)("The Supreme Court of North Dakota has held that an Attorney General's opinion has the force and effect of law until a contrary ruling by a court.")(citing Johnson v. Baker, 74 N.D. 244, 21 N.W.2d 355, 364 (1945)).  One of the most fundamental constitutional principles, as Chief Justice John Marshall stated, is that "[i]t is emphatically the province and duty of the judicial department to say what the law is.  Those who apply the rule to particular cases, must of necessity expound and interpret that rule.  If two laws conflict with each other, the courts must decide on the operation of each."  Marbury v. Madison, 5 U.S. 137, 177 (1803).  It was the courts' duty to resolve the conflict between North Dakota law and the City's fine schedule.  When the courts did decide the issue, the City's continued reliance on the Attorney General opinions was truly irrational.  The City correctly notes the North Dakota Supreme Court would have the final decision on the issue, but the City took no action to receive that final answer through appeal.  See N.D. Cent. Code § 28-27-01 (2007)("A judgment or order in a civil action or in a special proceeding in any of the district courts may be removed to the supreme court by appeal as provided in this chapter.").  The City's conduct of ignoring the courts is conscious-shocking and itself a violation of our constitutional principles.

In reply, the City argues the state district court did not consistently apply its holding to all cases, thus creating confusion on the status of the law and justifying the City's actions (doc. #56).  However, the public records submitted do not show if the issue was raised before the state district court in those cases (doc. #56-2).  They may arguably be inconsistent, but one thing is certain: each time the issue was raised for the state court to consider, it consistently ruled the fine schedule was unlawful.  Furthermore, one could argue continuing to impose the higher fines after the first district court order was not truly irrational.  See United States v. Mendoza, 464 U.S. 154, 160 (1984)("[a] rule allowing nonmutual collateral estoppel against the government in such cases would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue.").  This logic collapses, however, because there have been three district court decisions prior to the filing of this lawsuit.  Therefore, Sauby successfully raises a due process claim.

**B.   Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment states, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Equal Protection Clause essentially requires all similarly-situated persons be treated alike.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439

7

(1985).  When a case involves an inherently suspect class or a fundamental right, the courts apply strict-scrutiny review. Executive Air Taxi Corp. v. City of Bismarck, N.D., 518 F.3d 562, 566 (8th Cir. 2008).  When the questioned classification does not involve suspect classes or fundamental rights, the courts apply rational-basis scrutiny, meaning the challenged policy must be rationally related to a legitimate government interest.  Id.  A policy is not supported by rational-basis scrutiny when it is arbitrary or irrational.  Hawkeye Commodity Promotions, Inc. v. Vilsack, 486 F.3d 430, 442 (8th Cir. 2007)(citing Nordlinger v. Hahn, 505 U.S. 1, 11 (1992)).  This case does not involve a suspect class or fundamental right, so the Court applies rational-basis scrutiny.[1]

At least two state courts have held that two statutes proscribing the same conduct but providing different punishments violates equal protection.  People v. Mumaugh, 644 P.2d 299, 301 (Colo. 1982); City of Seattle v. Hogan, 766 P.2d 1134, 1137 (Wash. Ct. App. 1989).  In Mumaugh, the Colorado Supreme Court held, "To allow the defendant here to suffer a more severe penalty for conduct indistinguishable from that which carries a lesser penalty violates equal protection of the laws." Mumaugh, 644 P.2d at 301.  Similarly in Hogan, the Washington Court of

---

[1] Sauby makes some suggestion that her equal protection claims involves the fundamental right to travel (doc. #54 at 13). However, she does not sufficiently support this proposition nor is that fundamental right implicated.  The City's fine schedule did not restrict a person's travel; rather it punished unlawful activity.

Appeals reasoned, "To allow a prosecutor to set the range of punishment by choosing the degree of the charge would not be in harmony with our state's policy 'goals of treating all men equally in the guilt determination process while retaining some flexibility and individualized treatment at the punishment stage.'"  Hogan, 766 P.2d at 1137 (quoting State v. Blanchey, 454 P.2d 841, 850 (Wash. 1969)).  This is the same concern the North Dakota Supreme Court warned of in City of Fargo v. Little Brown Jug, 468 N.W.2d 392, 394 n.2 (N.D. 1991).  The Court concludes this reasoning is persuasive.

Sauby claims the classification of similarly-situated persons revolves around what law-enforcement officer stops a person.  A state trooper, county sheriff deputy, or Fargo police officer could stop a driver in the exact same location for the exact same violation and be punished differently.  The Court concludes this is a classification of similarly-situated persons sufficient for an equal protection challenge.[2]  Hogan, 766 P.2d at 1137; but see Idris v. City of Chicago, No. 06-C-6085, 2008 WL 182248, *5 (N.D. Ill. Jan. 16, 2008)("Such a claim is not cognizable under the equal protection clause, because nowhere in

---

[2] The City's reliance on United States v. Jacobs, 4 F.3d 603 (8th Cir. 1993), is misplaced because the federal government and state government are separate sovereigns, but here the City and the state are not.  Waller v. Florida, 397 U.S. 387, 392 (1970)(concluding states and lower political subdivisions are not separate sovereigns for double-jeopardy purposes); City of Grafton v. Otter Tail Power Co., 86 N.W.2d 197, 204 (N.D. 1957) ("cities are merely agencies of the State exercising and holding powers and privileges subject to the sovereign will").

9

Count IV do plaintiffs allege that Chapter 9-102 treats similarly situated people differently, or that the laws of Illinois or Chicago are being enforced in a discriminatory manner.").

The City raises two legitimate state interests: deterring unlawful conduct and raising revenue.  However, the North Dakota District Court's prior decisions are instructive here as well.  The City's method of deterring unlawful conduct and raising revenues was no longer rational after the state district court held the higher fines were unlawful.  The City's conduct was then arbitrary and irrational.  Therefore, the City's higher fine schedule does not pass rational-basis scrutiny, and Sauby has successfully raised an equal protection claim.

### C.   Excessive Fines

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. XIV, § 1.  "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish."  <u>United States v. Bajakajian</u>, 524 U.S. 321, 334 (1998).  To make an excessive fine claim, the plaintiff must show the fine is "grossly disproportional" to the gravity of an offense.  <u>Id.</u>

The Eighth Circuit follows a two-prong test for excessive fine claims: (1) the claimant must make a prima facie showing of

gross disproportionality; and (2) if this showing is made, whether the disproportionality is of such a level the punishment is more criminal than the crime. United States v. Dodge Caravan, 387 F.3d 758, 763 (8th Cir. 2004).  In making this conclusion, the Court must consider:

> the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, . . . the value of the property forfeited[,] . . . the personal benefit reaped by the defendant, the defendant's motive and culpability . . . , the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct[,] the monetary value of the property, the extent of the criminal activity associated with the property, the fact that the property was a residence, the effect of the forfeiture on innocent occupants of the residence, including children, or any other factors that an excessive fine analysis might require.

Id. Because of the nature of traffic violations and fines, many of these factors do not apply to this case.  Instead, the parties have asked the Court to weigh the City's fine schedule against the traffic fines for North Dakota, Minnesota, and Wisconsin (doc. #49 at 11, #54 at 18).

    Legislatures and other law-making bodies are given first consideration of appropriate punishment.  Bajakajian, 524 U.S. at 337.  The fines for traffic violations in North Dakota must be made by the North Dakota Legislative Assembly, and this Court expresses no view on what amount it should be.  That said, Sauby correctly notes the first place one should look is to N.D. Cent. Code § 39-06.1-06 for what North Dakota believes is appropriate. Upon doing this, no one can argue the City's fines were much higher.

11

On the other hand, the Court cannot forget that when the City first established its fine schedule, the City legitimately believed it had that authority.  Therefore, the Court must also consider what the City's law makers believed was reasonable.  The Court also agrees that the City has a duty to protect its citizens and that a relatively minor traffic violation in an urban area can have much greater consequences than one in a rural area.  Therefore, this Court concludes the City's former fine schedule was not grossly disproportional in a constitutional sense.  Even if the fines were grossly disproportional, this Court could not conclude the fines are more criminal than the violation itself.  Therefore, Sauby has failed to raise an excessive fines claim under the Eighth Amendment, and Count III of Sauby's complaint must be dismissed as a matter of law.

### III. Conclusion

The City's Motion for Judgment on the Pleadings (doc. #47) is **GRANTED IN PART AND DENIED IN PART**.  Sauby has successfully raised equal protection and due process claims under the Fourteenth Amendment.  Therefore, Counts I and II survive the City's motion.  However, Sauby has failed to raise an excessive fines claim under the Eighth Amendment.  Therefore, Count III is dismissed.

**IT IS SO ORDERED t**his 13th day of August, 2008.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court