```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NORTH DAKOTA
                     SOUTHEASTERN DIVISION
```

| | |
|---|---|
| Stephanie Sauby and James )<br>Burns, Individually, and on )<br>behalf of those similarly )<br>situated, )<br>)<br>        Plaintiffs, )<br>)<br>    v. )<br>)<br>City of Fargo, )<br>)<br>        Defendant. ) | Case No. 3:07-cv-10<br><br>**MEMORANDUM OPINION AND ORDER<br>ON MOTION FOR INCENTIVE<br>AWARDS** |

Before the Court is a motion for incentive awards to class representatives (Doc. #117). The parties have requested that this Court resolve three issues: (1) whether the named plaintiffs should receive incentive awards; (2) the amount of any incentive award; and (3) if an incentive award is ordered, who should bear the cost - City or the class members. The Court, having carefully considered the briefs, the arguments of the parties, and all other filings in this case, now issues this Memorandum Opinion and Order.

### SUMMARY OF DECISION

The Court finds incentive awards for Plaintiff Stephanie Sauby in the amount of $10,000.00 is fair and reasonable, and for Plaintiff James Burns in the amount of $5,0000.00 is fair and reasonable.  The Court further finds that the incentive awards are to be paid from the $1.5 million common fund, without a corresponding reduction of the refunds to be provided to participating class members.

**BACKGROUND**

Following a certified question of law to the North Dakota Supreme Court, the Supreme Court concluded that the City of Fargo illegally imposed fees for noncriminal traffic offenses that exceeded those provided for under N.D. Cent. Code § 39-06.1-06. The parties have now submitted for preliminary approval a settlement agreement in this class action, reserving for the Court issues regarding Plaintiffs' motion for incentive awards. The Court now decides the issues regarding incentive awards.

**ANALYSIS**

1.  **Authority to Approve Incentive Awards**

The City argues this Court lacks the authority to award the named plaintiffs an incentive award because such an award is not provided for in an action under 42 U.S.C. § 1983 and to order such an award would overcompensate the plaintiffs. Incentive awards are not intended to "compensate" plaintiffs, but instead serve to encourage people with legitimate claims to pursue the action on behalf of others similarly situated. Droegemueller v. Petroleum Development Corp., Nos. 07-cv-1362-JLK-CBS, 07-cv-2508, 2009 WL 961539, *5 (D. Colo. Apr. 7, 2009).

Moreover, other courts have authorized incentive awards to class representatives alleging discriminatory conduct or a constitutional violation against governmental entities. Equal Rights Ctr. v. Washington Metro. Area Transit Auth., 573

F.Supp.2d 205, 214 (D.D.C. 2008) (finding incentive awards of $5,000 and $1,000 to named plaintiffs reasonable in lawsuit alleging WMATA's public paratransit service failed to meet standards required by the Americans with Disabilities Act, Rehabilitation Act, and § 1983); Fitzgerald v. City of Los Angeles, No. CV 03 01876 NM RZX, 2003 WL 25471424, *2 (C.D. Cal. Dec. 8, 2003) (authorizing incentive awards of $3,500 for each named plaintiff in a § 1983 action alleging unreasonable search and seizure in violation of the Fourth Amendment); Bynum v. Dist. of Columbia, 412 F.Supp.2d 73, 80-81 (D.D.C. 2006) (approving award of $200,000 for each named plaintiff in a § 1983 action against the Department of Corrections challenging the Department's policy of conducting suspicionless strip searches of inmates). This Court is not persuaded that it has no authority to order incentive awards in this class action. Thus, the Court will consider the merits of Plaintiffs' motion.

    **2.   Named Plaintiffs Have Satisfied the Requirements for Incentive Awards**

Having a named plaintiff is an essential part of any class action. On occasion, many individuals are harmed by the same wrongful practice, yet individual actions are impracticable because the individual recovery would be insufficient to justify the expense of bringing separate lawsuits. Nat'l Ass'n of Consumer Advocates: Standards and Guidelines for Litigating & Settling Consumer Class Actions, 176 F.R.D. 375 (West 1998).

Thus, class actions allow individuals to aggregate their power and enable them to take on powerful institutions. Id.

Incentive awards are "fairly typical" in class actions. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958 (9th Cir. 2009). Such awards are discretionary and serve to compensate named plaintiffs for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and to recognize a willingness to act as a private attorney general.  Id.  Requests for incentive awards should be carefully scrutinized to ensure the named plaintiffs did not bring suit expecting a bounty or otherwise compromised the interest of the class for personal gain.  Hadix v. Johnson, 322 F.3d 895, 897 (6th Cir. 2003). In reviewing the record, the Court finds that neither of these circumstances are present in this case.

Thus, in deciding whether to grant an incentive award to a named plaintiff, a court should consider the actions the plaintiff has taken to protect the class's interests, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. Cook v. Niedert, 142 F.3d 1004, 1016 (8th Cir. 1998). The Court has considered these factors and finds the named plaintiffs have acted in a manner that protected the interests of the class members and resulted in a reasonable settlement for

both the City and class members. While the named plaintiffs might not have be required to submit to a deposition or participate in other proceedings, their involvement was crucial and significant in other ways.

The litigation has been ongoing for the last two and a half years. Plaintiffs' decision to act as class representatives did not come without personal sacrifices. The media closely followed this lawsuit. The public expressed firm opinions on whether this lawsuit was appropriate. As a result, Plaintiff Stephanie Sauby and her family, have been harassed, ridiculed, criticized, confronted, and otherwise abused directly and indirectly in the media by members of the public. Sauby has also claimed a loss to her business as a daycare provider and has described personal difficulties arising from the litigation. <u>See</u> Doc. #120, Affidavit of Stephanie Sauby. The Court finds the degree to which the class members have benefitted in this litigation combined with the level of reputational harm and sacrifice by Sauby warrants an incentive award.

In contrast, when James Burns joined the lawsuit as a class representative, he was aware of the intense media coverage and publicity. <u>See</u> Doc. #121, Affidavit of James Burns. However, he also expended time and effort in gathering additional records to support the claims in this lawsuit and meeting with lawyers to discuss the litigation. While Burns was criticized, he was not

subjected to the same level of harassment and public abuse as Sauby. Thus, while the Court finds Burns is also entitled to an incentive award, he did not suffer to the same degree as Sauby.

It is clear that by acting as class representatives, Sauby and Burns bore risks and burdens, including reputational harm, personal inconvenience, and public criticism that will not be faced by unnamed class members who file claims after the case is settled. Even though the individual recoveries for the named plaintiffs are small, the substantial benefit conferred upon the class members is large. Sauby and Burns were willing to act as class representatives when other individuals successfully challenged the City's fine schedule in state proceedings, but did not seek to protect others similarly situated. Given all of the circumstances, the Court finds each of the named plaintiffs have satisfied the requirements for an incentive award.

### 3.  Reasonableness of Requested Incentive Awards

The City contests the reasonableness of the requested incentive awards. The City argues that requiring it to pay an incentive award of over twenty times the named plaintiffs' compensatory loss violates due process standards. The City misses the point of incentive awards and discounts its culpable conduct. Incentive awards serve to compensate class representatives for work done on behalf of the class. Rodriquez, 563 F.3d at 958. For years, the City collected fines in violation of North Dakota law.

As the Court noted in a previous opinion, three different courts in the East Central District held the City's fine schedule unlawful.  Yet, the City continued to collect fees in contravention of state law. The Court found the City's conduct of ignoring these court decisions "conscious-shocking."  Moreover, before this action, several citizens were successful in recovering the illegal fees through state court proceedings.  None of these litigants, however, sought to protect others.  It is clear that the named plaintiffs, while their recovery might be insignificant in amount, are responsible for conferring a benefit on thousands of injured class members.

Finally, it is noted that the common fund as outlined in the settlement agreement consists of $1.5 million.  Costs, attorney fees, notice, publication, and other related expenses apparently are going to be paid from funds outside the common fund.  Thus, the true value of the proposed settlement is actually larger than it appears.  Even so, the requested incentive awards totaling $15,000 constitute only .01 percent of the maximum class recovery.  The Court does not find this amount unreasonable. See Sherrie R. Savett, et al., Consumer Class Actions: Class Certification Issues, Including Ethical Considerations and Counsel Fees and Incentive Award Payments to Named Plaintiffs, 936 PLI/Corp. 321, 340 (1996) (listing 52 cases involving incentive award payments wherein the plaintiffs were awarded

between $1,000 and $200,000, with over half of the awards falling between $5,000 and $10,000).

Accordingly, the Court finds the requested incentive awards in the amount of $10,000 for Sauby and $5,000 for Burns is fair, reasonable, and justified under all of the circumstances in this case.

### 4. The City Must Bear the Burden of Paying the Incentive Awards

The City argues that if the Court authorizes incentive awards then the class members should bear the burden of paying for it in the form of a pro rata reduction in the refund amount awarded to each class member. Plaintiffs request that the incentive award should be added to all other claims made against the $1.5 million common fund. The Court agrees with Plaintiffs' position.

When a class action litigation has created a communal pool of funds to be distributed to class members, generally incentive awards are drawn out of the common pool. Hadix, 322 F.3d at 898 (citations omitted). It is neither improper for the class representatives to receive an award of a different amount as compared to other class members, In re S. Ohio Corr. Facility, 175 F.R.D. 270, 273 (S.D. Ohio July 24, 1997), rev'd on other grounds, 2001 WL 1667267 (6th Cir. 2001), nor does the Court find it would be improper to require the City to bear the burden of paying the incentive awards. The City's request for a pro rata

reduction in each class member's refund improperly shifts the burden and unduly complicates the settlement.  Consequently, the Court finds the City is to pay the incentive award from the $1.5 million common fund, with <u>no</u> corresponding reduction of the refunds to be provided to participating class members.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** Plaintiff Stephanie Sauby receive, in addition to whatever sums she might receive as a class member, the sum of $10,000.00 as an incentive award.

**IT IS FURTHER ORDERED THAT** Plaintiff James Burns receive, in addition to whatever sums he might receive as a class member, the sum of $5,000.00 as an incentive award.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2009.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

on behalf of

Rodney S. Webb, District Judge
United States District Court